

Rajiv D. Parikh, Esq.
Partner
rparikh@pemlawfirm.com
*Office:*  +1 973.577.5500
*Direct:*  +1 973.585.5330

August 22, 2025

**VIA CM/ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106

      **RE:**    **Atlas Data Privacy Corp. v. We Inform, LLC, et al.**
              **No. 25-1555 through 25-1578; 25-1580 through 25-1593; 25-1676 and 25-1677**
              **Notice of Supplemental Authority Pursuant to Fed. R. App. P. 28(j)**

Dear Ms. Dodszuweit:

      We write to address Appellants' supplemental authority, *Jackson v. Whitepages, Inc.*, No. 1:24-cv-80 (N.D. W. Va.). *Jackson* is a non-precedential district court opinion, but if anything, its central holding supports the district court below. *Jackson* held that West Virginia's Daniel's Law is "not the least restrictive means of achieving its compelling interest" precisely due to its lack of the "notice requirement" featured in "New Jersey's Daniel's Law." *Id.* at 39. And although *Jackson* applied strict scrutiny instead of the *Daily Mail* test, *Jackson* plainly erred in suggesting the *Daily Mail* test applies only to "newspapers," "criminal proceedings," and "juvenile offenders or rape victims." *Id.* at 17. That test applies wherever there is a "conflict" between "speech" and "privacy," both of which are "interests of the highest order." *Bartnicki v. Vopper*, 532 U.S. 514 (2001); *see also Ostergren v. Cuccinelli*, 615 F.3d 263 (4th Cir. 2010). And the Supreme Court has "rejected the proposition that the institutional press has any constitutional privilege beyond…other speakers." *Citizens United v. FEC*, 558 U.S. 310, 352 (2010).[1]

      *Jackson* also asserted that the "lack of a knowledge requirement…**compounds** the lack of a notice requirement." *Id.* at 41. But there is no threat to speech to "compound" here, because New Jersey's Law has a notice requirement and every complaint asserts willful violations of the statute. And in any event, Supreme Court precedent has never mandated actual knowledge—or any standard beyond ordinary negligence—to impose damages for disclosure torts. *See Florida Star v. B.J.F.*, 491 U.S. 524, 539 (1989) (condemning only a "*per se* standard" as applied to speech of

---

[1] *Jackson* erred in suggesting strict scrutiny applies to statutes that present zero risk of viewpoint discrimination, *see VoteAmerica v. Schwab*, 121 F.4th 822, 849-50 (10th Cir. 2024), and *Jackson*'s "content based" holding does not apply here because the notice provision ensures Daniel's Law does not "target" any substantive message.



*Patricia S. Dodszuweit, Clerk of Court*
August 22, 2025
Page 2 of 2

public concern); *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 762 (1985) (authorizing "presumed and punitive damages—even absent a showing of 'actual malice'" when "speech involve[s] no matters of public concern").

          Respectfully submitted,

          **PEM LAW LLP**

           *s/ Rajiv D. Parikh*
          RAJIV D. PARIKH

RDP:dmc

c:    All Counsel of Record (via ECF)